UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHELSEY THACKSTON,

    Plaintiff,

vs.                                       **Case No.  3:22-cv-00208-TJC-PDB**

UNITED WHOLESALE
MORTGAGE, LLC

    Defendants.
_____/

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Defendant United Wholesale Mortgage, LLC ("Defendant") hereby answers the Complaint ("Complaint") filed by Plaintiff Chelsey Thackston ("Plaintiff") Complaint and responds to the correspondingly numbered paragraphs as follows:

**GENERAL ALLEGATIONS**

**Allegations as to Jurisdiction**

1. Defendant admits that Plaintiff purports to bring this action against Defendant for violations of 12 U.S.C. § 2614 of the Real Estate Settlement Procedures Act ("RESPA") pursuant to jurisdiction conferred by 28 U.S.C. § 1367. Defendant denies it violated RESPA and further denies that Plaintiff is entitled to the damages claimed or relief sought in the Complaint.

## Allegations as to Parties

2. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 2 of the Complaint, and therefore denies the allegations.

3. Defendant admits that it does business in Duval County, Florida. Defendant denies any remaining allegations of paragraph 3.

4. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 4 of the Complaint, and therefore denies the allegations.

## Description of Loan Servicing Activities

5. Defendant admits that Plaintiff executed the Mortgage in the principal face amount of Two Hundred Seventy-Two Thousand One Hundred eighteen dollars ($272,118.00). Defendant denies the remaining allegations of paragraph 5.

6. Defendant states the paragraph 6 of the Complaint refers to the Mortgage which speaks for itself, and Defendant denies any allegations in paragraph 6 of the Complaint to the extent inconsistent therewith.

7. Defendant states the paragraph 7 of the Complaint refers to the Mortgage which speaks for itself, and Defendant denies any allegations in paragraph 7 of the Complaint to the extent inconsistent therewith.

8. Defendant denies the allegations and legal conclusions in paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff purports to attach as Exhibit A to the Complaint, a copy of the 6/19/2020 First Community Insurance Company's declaration page for the property address 4654 Attleboro St., Jacksonville, Fl 32205, which document speaks for itself, and Defendant denies any allegations in paragraph 9 of the Complaint to the extent inconsistent therewith. Defendant denies the remaining allegations and legal conclusions in paragraph 9 of the Complaint.

10. Defendant denies the allegations and legal conclusions in paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff purports to attach a copy of the Notice of Cancellation from Brightway Insurance dated 9/21/2021 as Exhibit B to the Complaint. Defendant states that this document speaks for itself, and Defendant denies any allegations in paragraph 11 of the Complaint to the extent inconsistent therewith. Defendant denies any remaining allegations and legal conclusions of paragraph 11 of the Complaint.

12. Defendant denies the allegations and legal conclusions in paragraph 12 of the Complaint.

13. Defendant denies the allegations and legal conclusions in paragraph 13 of the Complaint.

## COUNT 1 – ACTION FOR VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C.§2601, ET SEQUI.

14. Defendant admits that Plaintiff purports to bring this action against Defendant for violations of 12 U.S.C. § 2614 of the Real Estate Settlement Procedures Act ("RESPA") pursuant to jurisdiction conferred by 28 U.S.C. § 1367 but, Defendant denies it violated RESPA, and further denies that Plaintiff is entitled to the damages claimed or relief sought in the Complaint.

15. Defendant incorporates by reference its responses to paragraphs 1-14 of the Complaint as though fully restated herein

16. Plaintiff alleges in paragraph 16 of the Complaint that Plaintiff's Mortgage "involved" a "federally related mortgage loan." Defendant states that 28 U.S.C. § 2602(1) and Plaintiff's Mortgage speak for themselves and Defendant denies any allegations or legal conclusions in paragraph 16 of the Complaint to the extent inconsistent therewith.

17. Defendant denies the allegations and legal conclusions in paragraph 17 of the Complaint.

18. Plaintiff appears to paraphrase certain requirements of 12 U.S.C. § 2605(g) and Defendant states that the language of 12 U.S.C. § 2605(g) speaks for itself. Defendant denies any allegations or legal conclusions in paragraph

18 of the Complaint to the extent inconsistent therewith. Defendant denies any remaining allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations and legal conclusions in paragraph 19 of the Complaint.

20. Defendant denies the allegations and legal conclusions in paragraph 20 (including subparts A. through D.) of the Complaint.

21. Defendant denies the allegations and legal conclusions in paragraph 21 of the Complaint.

22. Defendant denies the allegations and legal conclusions in paragraph 22 of the Complaint.

23. Defendant denies the allegations and legal conclusions in paragraph 23 of the Complaint.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 24 of the Complaint, and therefore denies the allegations.

Defendant denies the allegations and legal conclusions in the Wherefore Clause following Count I of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought in the Complaint.

## PRAYER FOR RELIEF

Defendant denies the allegations and legal conclusions in the Prayer for Relief of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought in the Complaint.

## TRIAL BY JURY

Defendant denies that Plaintiffs are entitled to a jury trial for any causes of action.

## GENERAL DENIAL

All other allegations not specifically admitted or denied herein are denied.

## SEPARATE DEFENSES

Defendant states the following defenses or avoidances to Plaintiff's Complaint without assuming the burden of proof of any such defense that would otherwise rest on Plaintiff and reserves the right to amend and/or supplement its responses to Plaintiff's allegations, as well as these avoidances and defenses, as additional information is obtained through the discovery process or otherwise.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint is barred in whole or in part for failure to state a cause of action for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Compliance with Law)

Defendant states that at all times relevant hereto, it has conducted itself in good faith and met or exceeded the requirements of all applicable laws, regulations, and standards applicable to Defendant and the Mortgage at issue. Defendant further asserts that if any alleged conduct by Defendant did violate RESPA (which Defendant disputes), such conduct was at all times in good faith.

## THIRD AFFIRMATIVE DEFENSE
(Good Faith Conduct)

Defendant asserts that even if a RESPA violation existed, any such violation was unintentional and the result of a bona fide error notwithstanding the maintenance of policies and procedure to avoid such error. Plaintiff is precluded from recovery from Defendant for a willful and knowing violation of RESPA because any such violation (which Defendant denies occurred) would have been accidental.

## FOURTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiff's claims are barred by the relevant statute of limitations for RESPA, breach of contract, negligence, and unjust enrichment.

## FIFTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff failed to comply with the requirement to provide Defendant with a copy of the Insurance Policy and failed to list the Defendant as a servicer on the insurance policy, which actions by Plaintiff caused any and all of the alleged damages Plaintiff suffered, thus Plaintiff's claim is barred in whole or in part by the doctrines of knowledge, waiver, ratification, laches, estoppel and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
(Third Parties)

Plaintiff's damages, if any, were caused by the actions and/or inactions by Plaintiff and third parties, including but not limited to Plaintiff's insurance broker and insurance company, which failed to comply with the requirement to provide Defendant with a copy of the Insurance Policy and failed to list the Defendant as a servicer on the insurance policy, which actions caused any and all of the alleged damages Plaintiff suffered, which damages Defendant denies.

## SEVENTH AFFIRMATIVE DEFENSE
(Lack of Damages)

Plaintiff's claims are barred because Plaintiff did not suffer any cognizable damages, and to the extent Plaintiff did suffer any damages, which Defendant denies, such damages were not caused by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
(Standing)

Plaintiff suffered no actual injury. Thus, Plaintiff lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

## NINETH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff's claims are barred because Plaintiff failed to mitigate any alleged damages, and thus to the extent Plaintiff was damaged, which Defendant denies, Defendant is not responsible for the same.

**WHEREFORE,** Defendant hereby requests that this Court deny the relief and damages requested in the Complaint, enter judgment in favor of Defendant, and award Defendant costs, attorney's fees, and all other relief this Court deems just and appropriate

Dated: March 22, 2022                    Respectfully submitted,

By    */s/ Elizabeth R.P. Bowen*
        Jason R. Bowyer
        Florida Bar No. 0693731
        jbowyer@mcguirewoods.com
        Elizabeth R.P. Bowen
        Florida Bar No. 097297
        ebowen@mcguirewoods.com
        **McGuireWoods LLP**
        50 North Laura Street, Suite 3300
        Jacksonville, Florida 32202
        (904) 798-3200
        (904) 798-3207 (fax)
        flservice@mcguirewoods.com
        fladmin@mcguirewoods.com

*Attorneys for Defendant United Wholesale Mortgage, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on March 22, 2022. I also certify that the foregoing document is being served this day via transmission of Electronic Filing generated by CM/ECF on the following counsel:

Max H. Story, Esq.
Austin James Griffin, Esq.
Max Story PA
328 2nd Avenue North
Jacksonville, FL 32250
max@storylawgroup.com
austin@storylawgroup.com
*Attorneys for Plaintiff Chelsey Thackston*

                                       */s/ Elizabeth R.P. Bowen*
                                            Attorney